UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GONZALO R. RUBANG, JR.,<br><br>Plaintiff,<br><br>v.<br><br>ERIC R. BROOKS; KELLER WILLIAMS,<br><br>Defendants. | No. 2:18-cv-2351 TLN DB PS<br><br>ORDER AND<br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, Gonzalo Rubang, Jr., is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are defendants Eric Brooks and Keller Williams Realty, Inc.'s, motion to set aside entry of default and to dismiss, and plaintiff's motion for order re property. (ECF Nos. 20 & 28.) For the reasons explained below, the motion to dismiss and motion for order re property are denied. Additionally, the undersigned will recommend that defendants' motion to set aside entry of default be granted and that this matter be dismissed without prejudice due to a lack of subject matter jurisdiction.

**BACKGROUND**

Plaintiff, proceeding pro se, commenced this action on August 29, 2018, by filing a complaint and a motion to proceed in forma pauperis. (ECF Nos. 1 & 2.) On October 30, 2018,

1

the undersigned dismissed plaintiff's complaint and granted plaintiff leave to file an amended complaint.  (ECF No. 3.)  On November 3, 2018, plaintiff filed an amended complaint and paid the required filing fee.  (ECF No. 4.)  Plaintiff filed a second amended complaint on April 22, 2019, and a third amended complaint on May 6, 2019.  (ECF Nos. 13 & 14.)  In the third amended complaint plaintiff complains about "the unauthorized presence of the defendants" at "our family['s] wrongful eviction" on June 13, 2017.  (Third Am. Compl. (ECF No. 14) at 5.[1])

On July 17, 2019, plaintiff filed proofs of service on defendant Keller Williams Realty, Inc., ("Keller Williams"), and defendant Eric Brooks.  (ECF Nos. 17 & 18.)  The Clerk entered defendants' default on August 14, 2019.  (ECF No. 19.)  However, on August 21, 2019, defendants Keller Williams and Eric Brooks filed the pending motion to set aside entry of default and to dismiss pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure.  (ECF No. 20.)  Plaintiff filed an opposition on August 29, 2019.  (ECF No. 22.)  Defendants filed a reply on September 26, 2019.  (ECF No. 24.)  The undersigned took defendants' motion under submission on September 30, 2019.  (ECF No. 25.)

On December 18, 2019, plaintiff filed a motion for order re property.  (ECF No. 28.)  Plaintiff's motion requests that the defendants "present in court ownership of the property," and, if unable to, the court "order 'guilty' of 'theft and larceny'" and award plaintiff $20,000,000 in damages.  (Id. at 1.)  Defendants filed an opposition on January 10, 2020.  (ECF No. 30.)  Plaintiff filed a request for oral argument and reply on January 16, 2020.  (ECF No. 31.)  The undersigned took plaintiff's motion under submission on January 21, 2020.  (ECF No. 32.)  On January 27, 2020, plaintiff filed a proposed fourth amended complaint.  (ECF No. 33.)

**STANDARDS**

**I.     Legal Standards Applicable to Motions to Set Aside Entry of Default**

"Pursuant to Rule 55(c), a district court may set aside the entry of default upon a showing of good cause."  Brandt v. American Bankers Ins. Co. of Fla., 653 F.3d 1108, 1111 (9th Cir. 2011).  The factors to determine good cause are: "(1) whether the plaintiff will be prejudiced, (2)

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

2

whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984). "[T]he party seeking to [set aside the entry of default] bears the burden of demonstrating that these factors favor [setting aside the entry of default]." TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001), as amended on denial of reh'g and reh'g en banc (May 9, 2001), overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141 (2001). "'[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'" U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting Falk, 739 F.2d at 463).

**II.   Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(5)**

Pursuant to Rule 12(b)(5), a defendant may move to dismiss the action where the plaintiff has failed to effect proper service of process in compliance with the requirements set forth under Rule 4 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(5). If the court determines that the plaintiff has not properly served the defendant in accordance with Rule 4, the court has discretion to either dismiss the action for failure to effect proper service, or instead merely quash the ineffective service that has been made on the defendant in order to provide the plaintiff with the opportunity to properly serve the defendant. See Marshall v. Warwick, 155 F.3d 1027, 1032 (8th Cir. 1998) ("[D]ismissal [is not] invariably required where service is ineffective: under such circumstances, the [district] court has discretion to either dismiss the action, or quash service but retain the case").

**III.  Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

**ANALYSIS**

**I.     Plaintiff's Proposed Fourth Amended Complaint**

As an initial matter, the Court must address plaintiff's proffered fourth amended complaint. As noted above, on January 27, 2020, plaintiff filed a proposed fourth amended complaint. (ECF No. 33.) Rule 15(a)(1) of the Federal Rules of Civil Procedure provides that

"[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Here, the time for plaintiff to amend as a matter of course has long passed.

Nonetheless, "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quotation omitted); see also Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The "court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint." Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.2d 1432, 1438 (9th Cir. 1986).

Here, the undersigned cannot yet find that granting plaintiff leave to amend would prejudice the opposing parties, is sought in bad faith, would produce an undue delay, or would be futile. Therefore, and in light of plaintiff's pro se status, the undersigned will construe plaintiff's filing as a request for leave to amend and grant that request. Plaintiff's fourth amended complaint is the operative complaint in this action.

**II.  Defendants' Motion to Set Aside Entry of Default and to Dismiss**

Defendants' motion to set aside argues that it is "unclear" whether the defendants were properly served, that plaintiff would not be prejudiced by having their entry of default set aside, and that the defendants have meritorious defenses. (Defs.' Mot. (ECF No. 20) at 4.) Defendants moved to set aside entry of default one week after the entry of default. (ECF Nos. 19 & 20.) No other defendant has answered. And this order grants plaintiff leave to proceed on a fourth amended complaint. Moreover, as articulated below, it does appear that the defendants have a meritorious defense. See Mesle, 615 F.3d at 1094 ("All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense").

5

Based on these factors, and the preference for decisions on the merits, the undersigned finds good cause for setting aside the entry of defendants' default. See Bhatti v. Goldman, No. 2:14-cv-3226 ODW(RZx), 2014 WL 2970441, at *2 (C.D. Cal. July 1, 2014) (granting motion where "Defendants moved to set aside entry of default less than a week after default was entered"). Accordingly, the undersigned will recommend that defendants' motion to set aside entry of default be granted.[2]

### III. Lack of Subject Matter Jurisdiction

Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the obligation of the district court "to be alert to jurisdictional requirements." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. See Morongo, 858 F.2d at 1380.

The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively. Federal jurisdiction may also be conferred by federal statutes regulating specific subject matter. "[T]he existence of federal

---

[2] Defendants' motion to dismiss, however, was filed in response to the third amended complaint. Because plaintiff is now proceeding on a fourth amended complaint defendants' motion to dismiss will be denied without prejudice to renewal in the event these findings and recommendations are not adopted in full.

6

jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000).

District courts have diversity jurisdiction only over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332. "To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States." Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986). "Diversity jurisdiction requires complete diversity between the parties-each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

Here, in dismissing plaintiff's original complaint with leave to amend the undersigned advised plaintiff that the original complaint failed to allege a federal question and that diversity of citizenship was lacking. (ECF No. 3 at 4.) The same is true of plaintiff's fourth amended complaint. In this regard, the fourth amended complaint alleges that plaintiff and several defendants are citizens of California. (Fourth Am. Compl. (ECF No. 33) at 4-5.)

Moreover, the complaint alleges that the basis for federal question jurisdiction is that the defendants "violated [plaintiff's] civil rights." (Id. at 6.) However, a litigant who complains of a violation of a constitutional right does not have a cause of action directly under the United States Constitution. Livadas v. Bradshaw, 512 U.S. 107, 132 (1994) (affirming that it is 42 U.S.C. § 1983 that provides a federal cause of action for the deprivation of rights secured by the United States Constitution); Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979) (explaining that 42 U.S.C. § 1983 was enacted to create a private cause of action for violations of the United States Constitution); Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution.").

////

7

Instead, 42 U.S.C. § 1983 provides that,

> [e]very person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The allegations found in the fourth amended complaint, however, fail to allege that any defendant acted under the color of state law. Instead it appears that the defendants are private individuals and a business, not state actors. (Fourth Am. Compl. (ECF No. 33) at 7.) "'§ 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong.'" Sutton v. Providence St. Joseph Medical Center, 192 F.3d 826, 835 (9th Cir. 1999) (quoting American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, (1999)).

In this regard, the undersigned finds that the fourth amended complaint fails to allege a basis for subject matter jurisdiction over this action.

**IV.     Plaintiff's Motion re Property**

In light of the apparent lack of subject matter jurisdiction, plaintiff's December 18, 2019 motion re property (ECF No. 28) will be denied without prejudice to renewal pending the resolution of these findings and recommendations. In the event these findings and recommendations are not adopted in full, plaintiff may re-notice the motion for hearing before the undersigned.

**V.     Leave to Amend**

For the reasons stated above, plaintiff's fourth amended complaint should be dismissed. The undersigned has carefully considered whether plaintiff may further amend the complaint to state a claim upon which relief can be granted and over which the court would have subject matter jurisdiction. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

////

8

In light of the deficiencies noted above, and plaintiff's prior inability to successfully amend the complaint, the undersigned finds that it would be futile to grant plaintiff further leave to amend. Therefore, the undersigned will recommend that plaintiff not be granted further leave to amend.

## CONCLUSION

Accordingly, IT IS ORDERED that:

1. Plaintiff is granted leave to amend and the fourth amended complaint filed January 27, 2020 (ECF No. 33) is the operative pleading in this action;

2. Defendants' August 21, 2019 motion to dismiss (ECF No. 20) is denied without prejudice to renewal as having been rendered moot; and

3. Plaintiff's December 18, 2019 motion re property (ECF No. 28) is denied without prejudice to renewal.

Also, IT IS HEREBY RECOMMENDED that:

1. Defendants' August 21, 2019 motion to set aside entry of default (ECF No. 20) be granted;

2. The fourth amended complaint (ECF No. 33) be dismissed without prejudice; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections.

////
////
////
////
////

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 6, 2020

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/rubang2351.dism.f&rs